# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JESUS PEREZ-REGALDO,<br><br>Petitioner,<br><br>v.<br><br>THOMAS E. FEELEY, *et al.*,<br><br>Respondents. | Case No. 2:25-cv-02409-RFB-EJY<br><br>**ORDER** |

Petitioner Jesus Perez-Regaldo, immigration detainee, has filed a counseled Amended Verified Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 7) challenging the lawfulness of his detention at Nevada Southern Detention Center in the custody of Federal Respondents. The Court has reviewed the Petition and Motion and preliminarily finds Petitioner likely can demonstrate that his circumstances warrant the same relief as this Court ordered for Petitioners Mena-Vargas and Reyes-Lopez in Escobar Salgado v. Mattos, No. 2:25-CV-01872-RFB-EJY, 2025 WL 3205356 (D. Nev. Nov. 17, 2025).

Therefore, Respondents are **ORDERED TO SHOW CAUSE** why the Writ should not be granted. See 28 U.S.C. § 2243. Respondents shall file, in writing, within three days, **a (i) notice of appearance and (ii) "a return certifying the true cause of detention"** on or before **December 22, 2025.** Id. Petitioner may file a reply on or before **December 26, 2025**.

**IT IS FURTHER ORDERED** that the parties shall indicate in their briefing whether they request oral argument or an evidentiary hearing on the Petition. The Court would be amenable to ruling on the papers if the parties indicate that they are willing to waive a hearing. If Respondents have no new arguments to offer that have not already been addressed by the Court, they may so indicate by reference to their previous briefing, while reserving appellate rights. They may not, however, incorporate briefing in a manner that would circumvent the page limits under LSR 3-2

1  and LR 7-3 without leave. Respondents should file the referenced briefing as an attachment for
2  Petitioner's counsel's review.

3  Additionally, the Court finds Petitioner has established a *prima facie* case for relief and
4  that ordering Respondents to produce documents reflecting their basis for detaining Petitioner is
5  necessary for the Court to "dispose of the matter as law and justice require." See Harris v. Nelson,
6  394 U.S. 286, 290 (1969) (holding that "a district court, confronted by a petition for habeas corpus
7  which establishes a *prima facie* case for relief, may use or authorize the use of suitable discovery
8  procedures . . . reasonably fashioned to elicit facts necessary to help the court to 'dispose of the
9  matter as law and justice require.'") (citing 28 U.S.C. § 2243).

10  Therefore, **IT IS FURTHER ORDERED** that Respondents must file with their response
11  any documents referenced or relied upon in their responsive pleading. If Respondents' asserted
12  basis for detaining Petitioner is reflected in any documents in their possession, including, but not
13  limited to, an arrest warrant, Notice to Appear, Form-286, Form I-213, and/or bond decision by an
14  Immigration Judge relevant to Petitioner's arrest, removal proceedings, and continued detention,
15  Respondents must so indicate, and file said documents with their pleading. If no such documents
16  exist to support the asserted basis for detention, Respondents must indicate that in their certified
17  return.

18  **IT IS FURTHER ORDERED** that Local Rules 7-2, 7-3, and 7-4 will govern the
19  requirements and scheduling of all other motions filed by either party.

20  **IT IS FURTHER ORDERED** that the parties shall file all documents and exhibits in
21  accordance with Local Rules LR IA 10-1 through 10-5.

22  **IT IS FURTHER ORDERED** that the parties must meet and confer regarding any requests
23  for an extension of deadlines and stipulate to the extension if possible. Any motion for extension
24  must certify efforts taken to meet and confer and indicate the opposing party's position regarding
25  the extension. Any motion or stipulation must comply with Federal Rule of Civil Procedure 6(b)
26  and Local Rules IA 6-1, 6-2.

27  **IT IS FURTHER ORDERED** that Respondents shall not transfer Petitioner out of this
28  District. See F.T.C. v. Dean Foods Co., 384 U.S. 597, 604 (1966) (noting the court's "express

authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction"). Given the exigent circumstances, the Court finds that this order is warranted to maintain the *status quo* pending resolution on the merits and finds that Petitioner has satisfied the factors governing the issuance of such preliminary relief.

The Court further notes that Petitioner's counsel failed to comply with the deadline in its [4] Order or seek an extension. Petitioner's counsel is instructed to comply with Federal Rule of Civil Procedure 6(b) and Local Rules IA 6-1, 6-2 for future deadlines.

**IT IS FURTHER KINDLY ORDERED** that the Clerk of Court:

1. **DELIVER** a copy of the Amended Petition (ECF No. 7), attachments (ECF Nos. 1-1, 1-2) and this Order to the U.S. Marshal for service.

2. **ADD** the United States Attorney for the District of Nevada to the docket as an Interested Party.

3. **SEND**, through CM/ECF, a copy of the Amended Petition (ECF No. 7), attachments (ECF Nos. 1-1, 1-2) and this Order to:

   i. The United States Attorney for the District of Nevada at Sigal.Chattah@usdoj.gov, Veronica.criste@usdoj.gov, summer.johnson@usdoj.gov, and caseview.ecf@usdoj.gov in accordance with Federal Rule of Civil Procedure 5(b)(2)(E).

   ii. Counsel for Respondent John Mattos: Ashlee Hesman at ahesman@strucklove.com and Jacob Brady Lee at JLee@strucklove.com

4. **MAIL** a copy of the the Amended Petition (ECF No. 7), attachments (ECF Nos. 1-1, 1-2) and this Order pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure to:

   1) Kristi Noem, Secretary, United States Department of Homeland Security, 245 Murray Lane SW, Washington, DC 20528

   2) Pamela Bondi, Attorney General of the United States, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC, 20530

   3) John Mattos, Warden, Nevada Southern Center, 2190 E. Mesquite Ave. Pahrump, NV 89060

   4) Thomas E. Feeley, Acting Field Office Director of the Salt Lake City Field

Office of U.S. Immigration and Customs Enforcement's Enforcement and Removal Operations division, 2975 Decker Lake Drive, Suite 100, West Valley City, UT 84119-6096

**IT IS FURTHER ORDERED** that the U.S. Marshal **SERVE** a copy of a copy of the (Amended Petition (ECF No. 7), attachments (ECF Nos. 1-1, 1-2) and this Order on the United States Attorney for the District of Nevada or on an Assistant United States Attorney or clerical employee designated by the United States Attorney pursuant to Rule 4(i)(1)(A)(i) of the Federal Rules of Civil Procedure.

**DATED:** December 17, 2025.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**